THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM T. FORD, Appellant, *v.* GEORGE L. GILLETTE et al., Assessors of the Town of Clifton Park, Saratoga County, New York, Respondents.

1. DOG TAX — QUESTION OF OWNER'S RESIDENCE. When, upon appeal from an order dismissing a writ of certiorari to review an assessment for a dog tax, the record shows that there was evidence upon which the court below could base a finding that the relator's residence was in the town in which the assessment was imposed, the question whether, under the statute, a person whose residence is elsewhere in the state is assessable for a dog tax in a town where he maintains a kennel and keeps dogs, is not presented for review.

2. APPEAL — NON-REVIEWABLE ORDER. The Court of Appeals has no power to review an order denying a motion to resettle and amend an order dismissing a writ of certiorari to review an assessment, so as to have it appear that the hearing took place upon a stipulation as to a fact, where the making of the stipulation was denied by opposing affidavits.

*People ex rel. Ford* v. *Gillette,* 37 App. Div. 626, affirmed.

(Argued April 18, 1899; decided May 2, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 28, 1899, affirming an order dismissing a writ of certiorari to review an assessment, and an order denying a motion to resettle the order.

The facts, so far as material, are stated in the opinion.

**126**     People ex rel. Ford *v.* Gillette.     [May,

Opinion of the Court, per HAIGHT, J.     [Vol. 159.

*J. Newton Fiero* and *John Scanlon* for appellant. The assessors were without jurisdiction unless the relator was a resident of the town of Clifton Park, and the evidence is undisputed that he was not such resident, but was and had been for many years a resident of the city of Cohoes. (*People* v. *Supervisors,* 11 N. Y. 563; *Mygatt* v. *Washburn,* 15 N. Y. 316; *People ex rel.* v. *Crowley,* 21 App. Div. 304.) No rule exists for taxation of dogs other than that which is applicable to all personal property and which authorizes an assessment only against a resident in the tax district. (L. 1896, ch. 908, § 8; *Mullaly* v. *People,* 86 N. Y. 365.)

*James W. Verbeck* for respondents. The relator is not entitled to any hearing or consideration in this matter as he refused not only to be sworn but also to answer material questions put to him by the assessors. (*People ex rel.* v. *Hall,* 83 Hun, 375; *Matter of Corwin,* 64 Hun, 167; *People ex rel.* v. *Maynard,* 7 Misc. Rep. 295.) The relator absolutely failed to traverse or deny the sufficiency of the return made by the assessors, and the facts therein contained, and, therefore, every fact contained in said return must be taken to be absolutely true. (*People ex rel.* v. *Wurster,* 149 N. Y. 549; *People ex rel.* v. *Commissioners,* 24 Wkly. Dig. 269; *People ex rel. Board of Fire Comrs.,* 73 N. Y. 437; *People ex rel.* v. *Dains,* 38 Hun, 43; *People ex rel.* v. *Koch,* 2 N. Y. S. R. 110; *Cronk* v. *Weld,* 6 N. Y. S. R. 173; *Matter of Corwin,* 135 N. Y. 245; Code Civ. Pro. § 2138; *People ex rel.* v. *French,* 25 Hun, 111; *Haines* v. *Judges, etc.,* 20 Wend. 625; Wood on Mandamus, 202.) Disputed questions of fact will not be reviewed or considered by this court. (*People ex rel.* v. *Board of Fire Comrs.,* 107 N. Y. 257; *People ex rel.* v. *Board of Police,* 69 N. Y. 408; *People ex rel.* v. *French,* 92 N. Y. 306; Code Civ. Pro. § 2140.)

HAIGHT, J. The assessors of the town of Clifton Park, Saratoga county, assessed the relator in the year 1898 the sum of $50.50 upon fifteen dogs owned or harbored by him in that

town. Upon grievance day the relator appeared before the board of assessors and objected to the assessment upon the ground that he was not a resident of the town but was a resident of the city of Cohoes, in the county of Albany, and was assessed for personal property in that city, and filed with the assessors an affidavit to the effect that the city of Cohoes was his residence. The assessors refused to strike his name from the roll or to cancel the assessment made, and thereupon he petitioned for a writ of certiorari for the purpose of reviewing and canceling the assessment. To this writ the assessors filed a return, from which it appears that the relator had been a resident and inhabitant of the town of Clifton Park since sometime in the year 1895, and that during all that time he had kept on the farm occupied by him a large number of dogs, for which he had been assessed in the years 1896 and 1897, and had not before appeared on grievance day to make any objection thereto; that during the last two years he had been a constant resident and inhabitant of the town, living upon the farm with his wife and keeping house, going to his business in the city of Cohoes during the day and returning to the farm in the afternoon or evening, and had repeatedly called it his home. The case was brought to a hearing at Special Term upon the return, and resulted in an order dismissing the writ. Thereafter the relator moved the court at Special Term, before the same judge, for a resettlement of the order and for the inserting therein of a concession of the attorney for the assessors, which was claimed to have been made upon the hearing, that the relator was a resident of the city of Cohoes. This motion was based upon affidavits, and upon the hearing was opposed by an affidavit denying that such a concession was made. Thereupon an order was entered denying the relator's motion to resettle the order, and an appeal was then taken from both orders to the Appellate Division, which resulted in an affirmance.

It is now contended by the appellant's counsel that the relator was a resident of the city of Cohoes, and that, under the statute, he was not assessable in the town of Clifton Park

even though he maintained a kennel and kept dogs therein in that town. This contention would present an interesting question, calling for a construction of the statute, if it was presented by the record. It may be the fact that the legal residence of the relator is the city of Cohoes, but such fact does not appear in the return of the assessors. Instead, it appears from that return that for upwards of two years he has continuously been a resident of the town of Clifton Park, living upon a farm, keeping house with his wife, going therefrom mornings to his place of business in Cohoes and returning to his home, as he called it, in Clifton Park in the afternoon or evening of each day. The facts stated in this return were not in any manner traversed or denied by him. There was no application for a reference to try out any issue of fact made, or an offer to present evidence to establish any fact controverted, but the case was brought to argument before the Special Term upon the facts as they appeared in the return.

Under the Constitution and the Code, our review is limited to questions of law, and inasmuch as there was evidence upon which the court below could base a finding that the relator's residence was in the town of Clifton Park, the question now argued by the appellant's counsel is not presented for our review.

It appears that the relator sought relief from the position in which he had been placed by the order of the Special Term. He, as we have seen, moved upon affidavits for an order resettling and amending the order of the Special Term, so as to have it appear that the hearing took place upon a stipulation that he was a resident of Cohoes. The fact that such a stipulation was made was denied by opposing affidavits and the motion to amend was denied. We have no power to review this order. It consequently follows that the order appealed from should be affirmed, with costs.

All concur.

Order affirmed.